IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| WILLIAM HOLLOWAY #167657 | § | |
| VS. | § | CIVIL ACTION NO. 6:23cv196 |
| OFFICER DAWSON NEWMAN | § | |

REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

Plaintiff William Holloway, a pretrial detainee in the Gregg County Jail proceeding *pro se* and *in forma pauperis*, filed this civil rights lawsuit pursuant to 42 U.S.C. § 1983 alleging violations of his constitutional rights in the course of his arrest for assault/family violence. The case was referred to the undersigned for findings of fact, conclusions of law, and recommendations for the disposition of the case.

**I. Alleged Facts**

Plaintiff alleges that on February 3, 2023, Officer Dawson Newman of the Longview Police Department responded to a report of a sofa on fire at Plaintiff's location and ultimately arrested him "on a warrant for a P.I." (Dkt. #1 at 4.) Upon arrival at the Gregg County Jail, Newman informed Plaintiff that he was being charged with "AFV/member of a household," which the Court understands to mean assault/family violence on a household member. (*Id.*) Plaintiff alleges that he asked Newman why he was being charged with that crime, but Newman refused to provide additional details or identify the victim of the alleged crime. (*Id.* at 4, 6.) For relief, Plaintiff seeks dismissal of his criminal charges, $750,000 in damages, plus court and legal fees. (*Id.* at 4.)

**II. Legal Standards and Preliminary Screening**

Title 42 U.S.C. § 1983 provides a private remedy against any person alleged to have deprived the plaintiff "of any rights, privileges, or immunities secured by the Constitution and laws" of the United States while acting "under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia." *Id.* Accordingly, "[t]o state a section 1983 claim, 'a plaintiff must (1) allege a violation of a right secured by the Constitution or laws of the United States and (2) demonstrate that the alleged deprivation was committed by a person acting under color of state law.'" *Whitley v. Hanna*, 726 F.3d 631, 638 (5th Cir. 2013) (quoting *James v. Tex. Collin Cnty.*, 535 F.3d 365, 373 (5th Cir. 2008)).

Plaintiff is a prisoner seeking redress from an officer or employee of a governmental entity, and he is proceeding *in forma pauperis*, so his claims are subject to preliminary screening pursuant to the Prison Litigation Reform Act as required by 28 U.S.C. §§ 1915A and 1915(e). Those statutes direct *sua sponte* dismissal of a complaint—or any portion thereof—if the Court finds it frivolous or malicious, if it fails to state a claim upon which relief can be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous if it lacks an arguable basis in law or fact. *Samford v. Dretke*, 562 F.3d 674, 678 (5th Cir. 2009). The Fifth Circuit has held that a complaint lacks an arguable basis in fact when "the facts alleged are fantastic or delusional scenarios or the legal theory upon which a complaint relies is indisputably meritless." *Id*. (quoting *Harris v. Hegmann*, 198 F.3d 153, 156 (5th Cir. 1999) (internal quotation marks omitted)). In other words, during the initial screening under Section 1915A, a court may determine that a prisoner's complaint is frivolous if it rests upon delusional scenarios or baseless facts—and dismiss the complaint. *See Henry v. Kerr County, Texas*, No. SA-16-CV-284-DAE (PMA), 2016 WL 2344231, at *3 (W.D. Tex. May 2, 2016) ("A

court may dismiss a claim as factually frivolous only if the facts alleged are clearly baseless, fanciful, fantastic, delusional, or otherwise rise to the level of the irrational or the wholly incredible, regardless of whether there are judicially noticeable facts available to contradict them.") (citing *Denton v. Hernandez*, 504 U.S. 25, 32–33 (1992)).

Moreover, a complaint fails to state a claim upon which relief may be granted where it does not allege sufficient facts which, taken as true, state a claim which is plausible on its face and thus does not raise a right to relief above the speculative level. *See Montoya v. FedEx Ground Packaging Sys. Inc.*, 614 F.3d 145, 149 (5th Cir. 2010) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A claim has factual plausibility when the pleaded factual content allows the court to draw reasonable inferences that the defendant is liable for the misconduct alleged. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Hershey v. Energy Transfer Partners, L.P.*, 610 F.3d 239, 245 (5th Cir. 2010). This plausibility standard is not akin to a probability standard; rather, the plausibility standard requires *more than the mere possibility* that the defendant has acted unlawfully. *Twombly*, 550 U.S. at 556.

Although all well-pleaded facts are taken as true, the district court need not accept as true conclusory allegations, unwarranted factual inferences, or legal conclusions. *See Whatley v. Coffin*, 496 F. App'x 414 (5th Cir. 2012) (unpublished) (citing *Plotkin v. IP Axess Inc.*, 407 F.3d 690, 696 (5th Cir. 2005)). Crucially, while the federal pleading rules do not require "detailed factual allegations," the rule does "demand more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. A pleading offering "labels and conclusions" or a "formulaic recitation of the elements of a cause of action" will not suffice, nor does a complaint which provides only naked assertions that are devoid of further factual enhancement. *Id.*

**III. Discussion and Analysis**

Plaintiff's claim that he is entitled to dismissal of his criminal charges based on Defendant Newman's actions implicates the validity of any future conviction in his criminal case and is, therefore, not currently cognizable in a Section 1983 action. A Section 1983 claim that challenges the validity of a standing criminal conviction or sentence is not cognizable unless and until the plaintiff has succeeded in having the conviction or sentence overturned or invalidated through habeas corpus or other proper means. *Wilkinson v. Dotson*, 544 U.S. 74, 78–82 (2005); *Heck v. Humphrey*, 512 U.S. 477 (1994). If a plaintiff challenges the constitutionality of criminal proceedings "before he has been convicted . . . it is within the power of the district court, and in accord with common practice, to stay the civil action until the criminal case or the likelihood of a criminal case is ended." *Wallace v. Kato*, 549 U.S. 384, 393–94 (2007). "If the plaintiff is ultimately convicted, and if the stayed civil suit would impugn that conviction, *Heck* will require dismissal; otherwise, the civil action will proceed, absent some other bar to suit." *Id.* at 394.

In this case, however, a stay is unnecessary because Plaintiff's claim fails for a second reason, which he cannot overcome regardless of the outcome of his criminal case: he does not allege any facts that would establish that Defendant Newman violated any of Plaintiff's rights. Accordingly, he fails to allege any "violation of a right secured by the Constitution or laws of the United States," as required to state a viable claim under Section 1983. *Whitley*, 726 F.3d at 638.

Plaintiff does not allege that he was arrested without cause or that the charge itself somehow violated his rights. Instead, he simply complains that Defendant Newman refused to give him specific details about the facts underlying the charge. But he does not identify any constitutional provision requiring an arresting officer to provide such information. The Sixth Amendment to the United States Constitution provides all defendants a right "to be informed of

4

the nature and cause of the accusation" against them. U.S. Const. amend. VI. But that does not mean that arresting officers themselves must explain the details underlying an arrest.

The actual examination of the facts of a case to determine whether probable cause exists for detention must be made by a judge or magistrate at an initial appearance within some reasonable time after the arrest, typically within 48 hours. *Jones v. Lowndes Cnty., Miss.*, 678 F.3d 344, 348 (5th Cir. 2012). And "an accused does not have a Sixth Amendment right to be informed of the nature and cause of the accusation until the government has committed itself to prosecution." *Hiley v. Skinner*, No. CV 21-4179, 2022 WL 604187, at *4 (W.D. La. Feb. 8, 2022) (quoting *Coulson v. Washoe Cty.*, 69 F.3d 543 (9th Cir. 1995)), *report and recommendation adopted,* No. CV 21-4179, 2022 WL 602190 (W.D. La. Feb. 28, 2022); *see also Bittakis v. City of El Paso*, 480 F. Supp. 2d 895, 910 (W.D. Tex. 2007) (explaining that "the Sixth Amendment's protection 'does not come into play until the government has committed itself to prosecution'" (quoting *Kladis v. Brezek*, 823 F.2d 1014, 1018 (7th Cir. 1987))). That commitment threshold can be crossed in several ways, including "formal charge, preliminary hearing, indictment, information, or arraignment." *Stagemeyer v. Cnty. of Dawson*, 192 F. Supp. 2d 998, 1006 (D. Neb. 2002) (citing *Kirby v. Illinois*, 406 U.S. 682, 688–90 (1972) and dismissing Sixth Amendment claims against members of Nebraska State Patrol). But regardless of whether, when, or how adversarial criminal judicial proceedings began against Plaintiff on the assault/family violence charge, as required to trigger his Sixth Amendment rights, that had not occurred at the time Defendant Newman arrested and delivered him to jail.

**IV. Conclusion**

For the reasons set forth above, Plaintiff fails to state a claim upon which relief can be granted against his only Defendant. Traditionally, district courts will permit a *pro se* plaintiff an

opportunity to amend his complaint or claim before dismissing the case. However, giving a plaintiff an opportunity to amend is not necessary if he has pleaded his "best case," such that an amended claim would remain frivolous. *See Norman v. Tex. Court of Criminal Appeals*, 582 F. App'x 430, 431 (Mem) (5th Cir. 2014) (unpublished); *Brewster v. Dretke*, 587 F.3d 764, 767-68 (5th Cir. 2009). There is no plausible amendment to Plaintiff's complaint that would establish a constitutional violation from an arresting officer's failure to discuss the details of his alleged crime. Accordingly, the interests of justice and judicial efficiency dictate against ordering an amended pleading in this case.

## RECOMMENDATION

Accordingly, the undersigned recommends that this action be dismissed with prejudice pursuant to 28 U.S.C. §§ 1915A(b)(1) and 1915(e) for failure to state a claim upon which relief can be granted.

Within fourteen (14) days after receipt of the Magistrate Judge's Report, any party may serve and file written objections to the findings and recommendations contained in the Report. A party's failure to file written objections to the findings, conclusions and recommendations contained in this Report within fourteen days after being served with a copy shall bar that party from *de novo* review by the district judge of those findings, conclusions and recommendations and, except on grounds of plain error, from appellate review of unobjected-to factual findings and legal conclusions accepted and adopted by the district court. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*).

**So ORDERED and SIGNED this 25th day of May, 2023.**

*JOHN D. LOVE*
UNITED STATES MAGISTRATE JUDGE

6